OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 The statements of witnesses made during defendant’s prison disciplinary proceeding were not within the People’s control and therefore did not constitute
 
 Rosario
 
 material. The statements in question were embodied in transcripts that were generated and held by the State Department of Correctional Services. That agency has no duty to share such material with the District Attorney for the county in which the underlying conduct occurred. Further, although Correction Department facilities are at the end of the State’s law enforcement chain, the Correction Department itself is, in most respects, an administrative rather than a law enforcement agency. Under these circumstances, the People had no obligation to attempt to locate and gain possession of the material for the purpose of turning them over to the defense (see,
 
 People v Washington,
 
 86 NY2d 189, 192-193;
 
 People v Flynn,
 
 79 NY2d 779, 882).
 

 Defendant’s other preserved contentions are lacking in merit. Contrary to defendant’s argument, there was support in the
 
 Wade
 
 hearing record for the Appellate Division’s finding that the inmate-eyewitness’s in-court identification had an independent source. Thus, that identification testimony was
 
 *942
 
 properly admitted at trial, regardless of whether or not the pretrial photo array that had been shown to the witness was unduly suggestive. Although the admission of testimony by a correction officer regarding that pretrial identification procedure was impermissible bolstering, the error was harmless in light of the clear and strong evidence of defendant’s guilt
 
 (see, People v Mobley,
 
 56 NY2d 584). Finally, the circumstantial evidence offered at trial was, when viewed in a light most favorable to the People, legally sufficient to establish defendant’s guilt beyond a reasonable doubt
 
 (see, People v Norman,
 
 85 NY2d 609, 620-622;
 
 People v Contes,
 
 60 NY2d 620). Defendant’s related claim that the guilty verdict was against the weight of the evidence is beyond our limited power to review questions of law
 
 (see, People v Bleakley,
 
 69 NY2d 490, 493).
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.