■ In the Matter of JOSE CORDERO, Petitioner, v DANIEL K. LALOR, as County Judge of Greene County, et al., Respondents. [642 NYS2d 399] —White, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondents from prosecuting petitioner for certain crimes.

Petitioner was an inmate at Coxsackie Correctional Facility in Greene County in March 1995 when he stabbed a fellow inmate with a sharpened metal rod. Following a tier III Superintendent's hearing, defendant was found guilty of four violations of prison disciplinary rules and sanctions were imposed.

In April 1995, the Greene County Grand Jury indicted petitioner on charges arising out of the stabbing incident, including two counts of assault in the second degree, criminal possession of a weapon in the third degree and promoting prison contraband in the first degree. Following a plea bargain, petitioner pleaded guilty to one count of assault in the second degree, subject to his right to bring a motion before County Court to dismiss the indictment on the ground of double jeopardy. County Court heard and denied petitioner's motion in October 1995, and petitioner commenced the instant proceeding.

Petitioner contends that the tier III hearing at the correctional facility constitutes a previous prosecution affording him the constitutional safeguards of the Double Jeopardy Clause. However, CPL 40.30 (1) provides that double jeopardy arises only after an individual has been charged by an accusatory instrument filed with a Court of this State which results in either a conviction upon a plea of guilty or proceeds to the trial stage. Thus, it is not triggered by prior administrative determinations such as the one at issue here, and this Court has consistently held that a prior disciplinary proceeding does not bar a subsequent criminal conviction based upon the same

conduct (*see, People v Middleton*, 221 AD2d 776; *People v Rivera*, 189 AD2d 920, *lv denied* 81 NY2d 975; *People v Nunez*, 186 AD2d 317, *lv denied* 81 NY2d 765).

Petitioner contends that the Federal cases of *United States v Halper* (490 US 435) and *United States v Hernandez-Fundora* (58 F3d 802, *cert denied* — US —, 115 S Ct 2288), mandate a different result. We disagree. In *Halper*, summary judgment in a civil action followed a criminal conviction for Medicare fraud, and the Court held that the disparity between defendant's potential civil penalty and the actual cost to the government was so disproportionate that the civil sanction would constitute double jeopardy. Subsequently, in *Hernandez-Fundora*, a case involving an assault conviction following a prison disciplinary proceeding for the same acts, the Second Circuit Court of Appeals distinguished *Halper* and stated the well-settled principle that "punishment" imposed by prison authorities for infractions of prison regulations does not generally bar subsequent criminal prosecution for the same conduct (*supra,* at 806). The court further opined that punitive interests and remedial interests are closely intertwined in a prison setting where the government's remedial interest is to maintain order and prevent violent altercations among the prison population, and the mere fact that a sanction imposed by prison officials has a punitive component does not mean the sanction constitutes "punishment" for double jeopardy purposes. The court cited with approval *United States v Newby* (11 F3d 1143, 1144, *cert denied* 513 US 834, *cert denied sub nom. Barber v United States*, 511 US 1087), where the Third Circuit Court of Appeals, in a case subsequent to *Halper*, concluded that disciplinary sanctions imposed by prison authorities for violation of prison regulations would not bar a later criminal prosecution. The *Hernandez-Fundora* court found the reasoning in *Newby* persuasive and held that where disciplinary segregation was sufficiently related to the government's remedial interests, it did not constitute punishment for double jeopardy purposes, and that subsequent prosecutions would be barred only in exceedingly rare circumstances where the disciplinary sanction imposed is grossly disproportionate to the interests of the government in maintaining prison order and discipline.

In our view, this is not one of those rare cases; thus, we decline to depart from our prior rulings and accordingly find that petitioner's claim of double jeopardy lacks merit.

Cardona, P. J., Casey, Peters and Spain, JJ., concur. Adjudged that the petition is dismissed, without costs.