OPINION OF THE COURT
 

 Bellacosa, J.
 

 These three unrelated appeals present a common question: Are interview notes and reports of the State Division of Parole material that prosecutors are required to provide to defense counsel under CPL 240.45 (1) (a) and
 
 People v Rosario
 
 (9 NY2d 286,
 
 cert denied
 
 368 US 866)? Because Parole Division records
 
 *251
 
 are not generally in the possession or control of prosecutors and are plainly not so in these three cases under our well-developed precedents, we affirm the orders of the Appellate Division rejecting CPL 440.10 relief in each case.
 

 The material facts and procedural histories of the postconviction proceedings in the three cases are virtually identical. After jury trials, Kelly and Brown were convicted of criminal sale of a controlled substance and related offenses, and White was convicted of rape in the first degree. Supreme Court, in CPL 440.10 proceedings, vacated the judgments based on failures of the prosecution to turn over to the defense records maintained by the New York State Division of Parole. These documents reflected interviews conducted by each defendant’s parole officer of the arresting police officer in the cases at issue here.
 

 In each case, Supreme Court held that the parole officers’ interview notes and reports constituted
 
 Rosario
 
 material and, thus, should have been provided to the defense at trial for cross-examination purposes
 
 (see,
 
 CPL 240.45 [1]). The nisi prius courts (Supreme Court, Queens County, in all three cases) relied on the First Department’s decision in
 
 People v Fields
 
 (146 AD2d 505 [1989],
 
 after remand
 
 156 AD2d 225,
 
 lv denied
 
 75 NY2d 918). The Appellate Division, in
 
 Fields,
 
 held that handwritten notes of a witness interview in the actual possession of a State parole officer constituted
 
 Rosario
 
 material that local prosecution offices were required to acquire and provide to defendants’ lawyers.
 

 The Appellate Division, Second Department, in the instant cases, here by leave to appeal granted by Judges of this Court, reversed the orders vacating the convictions. The Appellate Division reasoned that the records were distinctively those of the Division of Parole, a State administrative agency, and, thus, did not constitute
 
 Rosario
 
 material, because they were not in the possession or control of the respective prosecutors
 
 (see, e.g., People v Kelly,
 
 209 AD2d 436, 438).
 

 CPL 240.45 (1) (a) codified the holding of
 
 People v Rosario
 
 (9 NY2d 286,
 
 supra).
 
 The statute requires prosecutors to disclose to the defense (1) "[a]ny written or recorded statement,” (2) "made by a person whom the prosecutor intends to call as a witness at trial,” and (3) "which relates to the subject matter of the witness’s testimony” (CPL 240.45 [1] [a]). While the statute speaks of "[a]ny written or recorded statement,” its scope has been judicially interpreted as limited to circumstances
 
 *252
 
 when the trial prosecutor actually has possession or control of requested materials subject to the
 
 Rosario
 
 rule. This Court has removed from the
 
 Rosario
 
 reach, for example, prison disciplinary transcripts
 
 (People v Howard,
 
 87 NY2d 940, 941), audiotapes made at autopsies by a medical examiner
 
 (People v Washington,
 
 86 NY2d 189, 191), reports filed with the Department of Motor Vehicles
 
 (People v Flynn,
 
 79 NY2d 879, 882), untranscribed plea minutes
 
 (People v Fishman,
 
 72 NY2d 884, 886), and a personal written account of the crime by a crime victim
 
 (People v Reedy,
 
 70 NY2d 826, 827).
 

 The principal consideration for determining whether prosecutors have a fairness obligation under
 
 Rosario
 
 to turn over various materials focuses on whether these items actually are in or subject to the possession or control of the particular prosecution office
 
 (People v Flynn,
 
 79 NY2d 879, 882,
 
 supra; People v Tissois,
 
 72 NY2d 75, 78;
 
 People v Reedy,
 
 70 NY2d 826, 827,
 
 supra; see also, People v Howard,
 
 87 NY2d 940, 941,
 
 supra).
 
 Together with this key feature, the Court has recognized a number of sometimes interrelated factors, including whether the potential cross-examination materials are in the actual possession of what is primarily a law enforcement agency
 
 (see, People v Washington,
 
 86 NY2d 189, 192
 
 supra; People v Ranghelle,
 
 69 NY2d 56, 64), whether a compelling reason exists to keep the items confidential
 
 (see, People v Tissois,
 
 72 NY2d 75, 78,
 
 supra),
 
 and whether material not in the actual possession of the prosecutor or an agency whose records may be deemed in the prosecutor’s control is in any event equally accessible to the defendant
 
 (see, People v Fishman,
 
 72 NY2d 884, 886,
 
 supra).
 

 We are persuaded and satisfied that records of the State Division of Parole should not generally be deemed to be in the control of 62 county prosecutors, nor of any other prosecutorial office subject to the
 
 Rosario
 
 rule. The records at issue in these cases were initiated and created by parole officers assigned to supervise the released individuals. This role is independent of the police investigations that ensued and supported new criminal charges against the defendants. As such, the parole interview records were "in the possession of a State administrative agency,” which is not "within the control of a local prosecutor”
 
 (People v Flynn,
 
 79 NY2d 879, 882,
 
 supra; see,
 
 Executive Law §§ 259-a, 259-d). This conclusion is not affected by the incidental law enforcement functions that parole officers are authorized to perform
 
 (see,
 
 CPL 2.10 [23];
 
 see,
 
 9 NYCRR 8004.2).
 

 People v Howard
 
 (87 NY2d 940,
 
 supra)
 
 is instructive. In determining that witness statements given to State corrections
 
 *253
 
 officers in prison disciplinary proceedings were not
 
 Rosario
 
 material, we observed that the State Department of Correctional Services was "at the end of the State’s law enforcement chain”
 
 (supra,
 
 at 941). The State Division of Parole may also be viewed as generally beyond that "chain.” Ordinarily, therefore, it is outside of the legal or practical control of local prosecutors for
 
 Rosario
 
 purposes.
 

 Indeed, the Division of Parole here and its counterpart, the Department of Correctional Services, are members of the State Executive Branch family. While both primarily serve agency functions (respectively, the supervision of parolees and prison inmates), they are also charged with respective, ancillary "law enforcement” tasks, but only when individuals under their actual or constructive custodial supervision violate governing rules or commit new crimes. These agencies, thus, do not represent "The People” in the distinctive and customary usage of that term for prosecutorial purposes. Despite their incidental law enforcement function, we decided in
 
 Howard
 
 not to impute possession of correctional department records to the local prosecutor because of the lack of prosecutorial control. That was the legally dispositive issue there, and it is here as well.
 

 In sum, the prosecutors’ failure to provide these defendants with Division of Parole records does not violate the
 
 Rosario
 
 rule. To the extent that
 
 People v Fields
 
 (146 AD2d 505, supra) is to the contrary, it should not be followed.
 

 Accordingly, in each case, the respective order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Simons, Titone, Smith, Levine and Ciparick concur.
 

 In each case: Order affirmed.