THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY BRYE, Appellant. [650 NYS2d 382] —White, J. Appeal from a judgment of the County Court of Greene County (Battisti, J.), rendered December 13, 1994, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the third degree, promoting prison contraband in the first degree and assault in the second degree (two counts).

As a result of an altercation at Coxsackie Correctional Facility in Greene County on April 1, 1993, defendant was charged in a five-count indictment with criminal possession of a weapon in the third degree, promoting prison contraband in the first degree and three counts of assault in the second degree. He was subsequently convicted by a jury of all charges except one count of assault in the second degree, which was dismissed by County Court, and was sentenced as a second felony offender to a term of imprisonment of $2^1/_2$ to 5 years on each count, to be served concurrently. In this appeal defendant contends, *inter alia*, that he was denied his right to a speedy trial in violation of CPL 30.30, that his conviction violated the double jeopardy clause and that the verdict was against the weight of the evidence.

As to the speedy trial question, we note that a sealed indictment dated June 24, 1993 was returned by the Grand Jury and a ready for trial notice dated July 15, 1993 was sent to the Public Defender's office by the District Attorney. Defendant was arraigned on July 27, 1993, at which time the Public Defender was present and formally assigned to the case. The case was brought to trial on October 17, 1994, but just prior to jury

selection defendant's attorney made an oral motion to dismiss the indictment based on CPL 30.30. Although this motion was not made in writing as required by CPL 210.45, the District Attorney's failure to object at the time of the motion resulted in a waiver by the prosecution of the written notice requirement and the issue is thus before us (*see, People v Jennings,* 69 NY2d 103, 113).

Defense counsel, in a brief colloquy, did not specify any delays which should be charged to the People and merely questioned whether the People were ready to proceed when they filed their statement of readiness. In response, the District Attorney stated that the People had announced their readiness for trial at the time of arraignment and had remained ready for trial ever since. These statements were not contradicted by the defense and County Court denied defendant's motion. Defendant now contends that the notice of readiness was a nullity since it was filed prior to the arraignment. However, as defendant was arraigned well within the six-month statutory time period, we find the statement of readiness to be valid (*see, People v McGrath,* 223 AD2d 759, 760), and since the record is barren of any delay chargeable to the prosecution in bringing this case to trial, we find no violation of defendant's right to a speedy trial pursuant to CPL 30.30.

Defendant further contends that his conviction should not stand since there was a prior administrative hearing conducted by prison officials regarding the April 1, 1993 incident in which defendant was found to be in violation of certain prison rules. He argues that he is now suffering successive prosecutions and punishments for the same offense which is a violation of his right not to be put in jeopardy twice for the same offense. However, since the purpose of a prison disciplinary hearing is remedial, not punitive, it does not bar further criminal proceedings against defendant and cannot serve as a basis for a claim of double jeopardy in a subsequent criminal action (*see, Matter of Cordero v Lalor,* 227 AD2d 848; *see also, People v Nunez,* 186 AD2d 317, 318, *lv denied* 81 NY2d 765).

Defendant also contends that the verdict was against the weight of the evidence. However, Correction Officer Walter Dubuque testified that defendant and inmate Daniel Quintana were fighting in the prison yard and, as he ran toward them, he saw defendant swing wildly and strike Quintana in the neck, and also observed defendant holding what appeared to be a razor blade in his right hand. Dubuque then saw defendant strike Correction Officer David Hans across the wrist and throw the blade to the ground where it was retrieved by Dubuque.

Although there was testimony from others that they did not see defendant with a razor at the time of the fight, it is uncontroverted that both Hans and Quintana sustained wounds from a sharp razor-like instrument, with the injury to Hans requiring five stitches. After examining all of the evidence in a neutral light, and weighing the probative force of the conflicting testimony and the strength of conflicting inferences which could be drawn therefrom, we find that the jury did not fail to give the evidence the weight it should be accorded and thus the verdict was not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495; *People v Rose*, 215 AD2d 875, 877, *lv denied* 86 NY2d 801).

We have examined defendant's remaining contentions and find them to be without merit.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.