■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY ROLFE, Appellant. [651 NYS2d 935] —Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered June 7, 1995, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant was indicted for promoting prison contraband in the first degree as a result of an allegation that he possessed a 15-inch sharpened metal rod while an inmate at Elmira Correctional Facility in Chemung County. He pleaded guilty to attempted promoting prison contraband in the first degree in satisfaction of the indictment and was sentenced as a second felony offender to a prison term of $1^{1}/_{2}$ to 3 years to run consecutively to the sentence he was then serving.

Defendant's sole contention on appeal is that the instant criminal prosecution is barred on double jeopardy grounds because the incident at issue also formed the basis of a disciplinary hearing at the facility following which he was determined to be guilty. It has been firmly established by this Court, however, that double jeopardy is not triggered by a

prior administrative determination and a prior disciplinary proceeding does not bar a subsequent criminal conviction (*see, e.g., Matter of Cordero v Lalor,* 227 AD2d 848; *People v Vasquez,* 226 AD2d 932; *People v Trouche,* 224 AD2d 836, *lv denied* 88 NY2d 970; *People v Riley,* 216 AD2d 608, *lv denied* 86 NY2d 783). Accordingly, we reject defendant's argument.

Mikoll, J. P., Mercure, Casey, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed.