(January 16, 1997)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES A. TAYLOR, Appellant. [653 NYS2d 385] —Mikoll, J. P.

Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered June 5, 1995, convicting defendant upon his plea of guilty of the crime of promoting prison contraband in the first degree.

Defendant, a State prison inmate, was found guilty after a prison disciplinary hearing of possessing a weapon. Based on the same incident, he subsequently pleaded guilty to the crime of attempted promoting prison contraband in the first degree and was sentenced as a second felony offender to a prison term of 1 1/2 to 3 years to run consecutive to the sentence he was already serving. On appeal, defendant claims that because he was previously disciplined administratively for the same act, the criminal prosecution was barred under the doctrine of double jeopardy. This claim must be rejected. Being punished for the same offense as the result of a prior prison disciplinary matter does not bar a subsequent criminal conviction based upon the same conduct (*see, People v Middleton*, 221 AD2d 776, *lv denied* 88 NY2d 968; *People v Frye*, 144 AD2d 714, *lv denied* 73 NY2d 891). We also find that this is not one of those "exceedingly rare circumstances where the disciplinary sanction imposed [was] grossly disproportionate to the interests of * * * government" to warrant barring the subsequent criminal prosecution for the same conduct (*Matter of Cordero v Lalor*, 227 AD2d 848, 849).

Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.