■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ECHEVARRIA, Appellant. [658 NYS2d 523] —Crew III, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered October 20, 1995, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant, an inmate at Elmira Correctional Facility in Chemung County, was indicted and charged with promoting prison contraband in the first degree. Defendant's motion to dismiss the indictment on double jeopardy grounds, based upon the fact that he had been administratively disciplined for the same conduct as alleged therein, was denied. Defendant thereafter pleaded guilty to attempted promoting prison contraband in the first degree in satisfaction of the indictment and was sentenced to an indeterminate term of imprisonment of 1½ to 3 years.

We reject defendant's contention on appeal that he was denied double jeopardy protection when he was criminally prosecuted for the same conduct for which he previously had been disciplined. It is now firmly established that the prison "disciplinary sanctions imposed upon [defendant] do not constitute criminal punishment triggering double jeopardy protections" (*Matter of Cordero v Lalor*, 89 NY2d 521, 532-533; *see, People v Taylor*, 235 AD2d 719; *People v Rolfe*, 234 AD2d 827, 827-828; *People v Brye*, 233 AD2d 775, 776; *People v Middleton*, 221 AD2d 776, *lv denied* 88 NY2d 968). While we recognize that a prison disciplinary sentence might be found to be so harsh and extreme as to invoke double jeopardy protections, no such argument has been raised here (*see, Matter of Cordero v Lalor, supra*, at 533).

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Ordered that the judgment is affirmed.