■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH HART, Appellant. [664 NYS2d 645] —Cardona, P. J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered March 18, 1996, convicting defendant upon his plea of guilty of the crime of escape in the first degree.

While defendant was serving a 25-year to life prison sentence in Shawangunk Correctional Facility in Ulster County, he and four other inmates escaped from the facility. Following

defendant's apprehension, prison disciplinary proceedings were initiated resulting, *inter alia*, in his confinement to the special housing unit for 15 years (*see, Matter of Hart v Coombe*, 229 AD2d 754, *lv denied* 89 NY2d 802). Defendant was also charged with various crimes. He pleaded guilty to the crime of escape in the first degree and was sentenced as a second felony offender to a prison term of 3½ to 7 years to run consecutively to the prison term he was then serving. Defendant appeals.

Initially, we note that defendant does not dispute the fact that his criminal prosecution following the administrative proceeding was not barred under double jeopardy principles (*see, e.g., People v Vasquez*, 89 NY2d 521, 529, *cert denied sub nom. Cordero v Lalor*, — US —, 118 S Ct 131). Nevertheless, defendant maintains that the penalties imposed administratively and criminally, while permissible separately, violate the Double Jeopardy Clauses of the Federal and State Constitutions. We disagree. As previously indicated, defendant's administrative penalty has been upheld and, in our view, "this is not one of those 'exceedingly rare circumstances where the disciplinary sanction imposed [was] grossly disproportionate to the interests of * * * government' to warrant barring the subsequent criminal prosecution for the same conduct" (*People v Taylor*, 235 AD2d 719, 720, *lv denied* 89 NY2d 1101 [quoting *Matter of Cordero v Lalor*, 227 AD2d 848, 849, *affd sub nom. People v Vasquez*, 89 NY2d 521, *cert denied sub nom. Cordero v Lalor*, — US —, 118 S Ct 131]).

Finally, we find no merit to defendant's claim of cruel and unusual punishment prohibited by the Federal Constitution (*see, People v Motter*, 235 AD2d 582, 589, *lv denied* 89 NY2d 1038). Significantly, defendant agreed to the 3½ to 7-year sentence as part of the plea bargain and we find it to be appropriate in view of the nature of the crime and defendant's prior criminal record. Furthermore, it was less than the harshest sentence statutorily permissible.

White, Casey, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.