■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WESLEY ROBERTSON, True Name RONALD PERRY, Appellant. [683 NYS2d 235] —Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered January 25, 1996, convicting defendant, after a jury trial, of burglary in the second degree, burglary in the third degree, criminal trespass in the second degree, petit larceny and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to consecutive terms of 6 to 12 years and 3 to 6 years on the burglary convictions, to run concurrently with two terms of 1 year and time served, unanimously affirmed.

While we find that the People's July 5, 1994 statement of readiness invalid (*People v Kendzia*, 64 NY2d 331, 337), the record reveals that fewer than 182 days of includable time elapsed from the commencement of the proceeding on December 13, 1993 until August 15, 1994, the date of defendant's speedy trial motion, and thus the court did not err in denying defendant's motion to dismiss on this ground without a hearing. That period, comprising 245 days, less 56 days which defendant concedes is excludable for motion practice, and the 26 days for the period July 5 to August 1, 1994, requested by defense counsel for his vacation, leaves a total of 163 includable days. The record, including the court's references to an affirmation by defense counsel, clearly establishes the reason for the July 5 adjournment.

Contrary to defendant's claim, the record does not reveal any *Rosario* violation since there is no indication that the alleged *Rosario* material to which he refers ever existed (*see, People v Kidd*, 247 AD2d 269, *lv denied* 92 NY2d 854). Even assuming their existence, they were generated by private hospital security personnel and therefore were not in the People's control. Neither the special patrolman status nor the limited law enforcement functions of these private citizens brought them within the " 'law enforcement chain' " (*People v Kelly*, 88 NY2d 248, 253; *People v Howard*, 87 NY2d 940, 941; *see also, People v Kronberg*, 243 AD2d 132, 152, *lv denied* 92 NY2d 880).

We have considered and rejected defendant's other claims, including those contained in his *pro se* supplemental brief. Concur—Lerner, P. J., Wallach, Tom and Andrias, JJ.