■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ODALE FIELDS, Also Known as SHAWN MOORE, Appellant. [698 NYS2d 71] —Yesawich Jr., J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered January 17, 1996, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the third degree and forgery in the second degree (three counts).

On February 22, 1995, an officer from the City of Binghamton Police Department responded to a report of a gun being fired in an apartment in the City of Binghamton, Broome County. Investigation revealed a bullet hole in the wall of the bathroom, a loaded handgun on the kitchen counter and four individuals in the apartment, among them defendant, who was found hiding behind a crib in the bedroom. Upon questioning, three of the individuals implicated defendant as the owner of the handgun and the one responsible for firing it. In due course, defendant was indicted for criminal possession of a weapon in the third degree (*see*, Penal Law § 265.02 [4]), as well as three counts of forgery in the second degree (*see*, Penal Law § 170.10 [2])—the latter stemming from defendant's entry of a false name on three fingerprint cards. Convicted as charged and sentenced to an indeterminate prison term of 2 to 6 years for criminal possession of a weapon and 1 to 3 years on each of the forgery counts, to run concurrently with each other but consecutive to the weapon conviction, defendant appeals.

Defendant's conviction for criminal possession of a weapon in the third degree is not, as he urges, against the weight of the evidence adduced at trial. The evidence established that prior to this incident, defendant displayed a gun—identified as the gun recovered from the scene—to a witness, telling her that he hoped to sell it; that on the evening the shot was fired another witness saw an object resembling the gun's handle tucked into the back of defendant's pants; and still another witness testified that moments before the weapon was discharged, defendant had brandished it in the air and threatened to kill the people who had stolen his "stuff"—believed by one witness to

be cocaine. Viewing this evidence in a "neutral light" and based upon our "own independent determination of the relative probative value of the inferences that may be drawn from [it]", we find it sufficient to support defendant's conviction of the crime of criminal possession of weapon in the third degree (*People v Jefferson*, 248 AD2d 815, 817, *lv denied* 92 NY2d 926; *see, People v Saunders*, 261 AD2d 718).

We reject the contention that County Court's refusal to accede to defendant's request for a missing witness charge was error. The charge was not warranted, for defendant did not carry his burden of proving that the witness for whom the charge was sought was under the People's control or could be expected to offer noncumulative testimony favorable to defendant (*see, People v Kilgore*, 254 AD2d 635, 638-639, *lv denied* 93 NY2d 875). Defendant's remaining argument, that he was denied effective assistance of counsel, is devoid of merit.

Mikoll, J. P., Crew III, Peters and Mugglin, JJ., concur. Ordered that the judgment is affirmed.