■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REUBEN ROSS, Appellant. [725 NYS2d 425] —Lahtinen, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered December 2, 1999, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

Defendant, an inmate at Southport Correctional Facility in Chemung County (hereinafter the facility), was indicted on one count of promoting prison contraband in the first degree. The indictment stemmed from an incident that occurred at the facility on February 10, 1999 when defendant was found to be in possession of a razor blade wrapped in electrical tape discovered after a pat frisk by correction officers as he returned from the recreation yard. Defendant was convicted by a jury as charged and, after County Court denied his posttrial motion to set aside the verdict, he was sentenced as a second felony offender to an indeterminate prison term of 3 to 6 years to run consecutively to his undischarged prison sentence. Defendant appeals.

On appeal, defendant claims that he was denied effective assistance of counsel at trial, that County Court erred in not giving a missing witness charge regarding the People's failure to call a certain witness, that the People failed to provide Rosario material and that County Court erred in excluding evidence that he had sought to introduce at trial.

Turning to defendant's claim of ineffective assistance of trial counsel, we note that this claim is based solely on defense counsel's failure to subpoena the confidential inmate informant who had allegedly reported to correction officers that defendant was in possession of contraband. Defendant met his counsel for the first time at his arraignment on May 11, 1999. On July 9, 1999, defendant requested that the informant be subpoenaed, but defense counsel discovered that this inmate had been unconditionally released from the facility on July 8, 1999, having served his maximum sentence. While initial attempts by defense counsel to locate the inmate proved unsuccessful, counsel did proceed to make appropriate pretrial motions on defendant's behalf. Thereafter, on August 2, 1999, defendant fired his attorney and proceeded *pro se*.[1] Defendant never attempted to locate the inmate informant nor did he request from County Court a court-ordered subpoena for the witness.[2] On this record, it cannot be said that defense counsel's failure to locate the confidential inmate informant deprived defendant of "meaningful representation" (*People v Powers*, 262 AD2d 713, 716, *lv denied* 93 NY2d 1005; see, *People v Benevento*, 91 NY2d 708, 712).

Defendant next claims that County Court erred in refusing to give a missing witness charge because the People failed to call the immediate supervisor of the correction officers who searched defendant and discovered the contraband razor blade. Contrary to the argument in defendant's brief that this witness was the sole recipient of the confidential information concerning the contraband, Correction Officer Randy Shaylor testified at trial that he, not the uncalled witness, had received this information from the confidential informant, that he immediately made this information known to all the other correction officers present, including his supervisor, and that as a result, defendant was pat-frisked as he returned from recreation. Additionally, the People demonstrated that this witness was unavailable at the time of trial as he was on vacation from the correctional facility to which he had been reassigned and their diligent efforts to locate him were unsuccessful (*see, e.g., People v Ramirez*, 208 AD2d 384, *lv denied* 84 NY2d 1014). As defendant failed to show that this witness was under the People's control or could be expected to offer noncumulative

---

1. Defendant represented himself at all the proceedings thereafter, including his jury trial, despite repeated and thorough questioning by and admonitions from County Court regarding the pitfalls of such action.

2. During the trial, defendant did ask County Court for an arrest warrant for the informant as a material witness, which request was denied.

testimony (*see, People v Macana*, 84 NY2d 173, 180), his claim that County Court erred in not giving a missing witness charge is without merit (*see, People v Fields*, 266 AD2d 582, 583, *lv denied* 94 NY2d 862).

Defendant next claims that his constitutional rights to due process and a fair trial were violated by the People, who failed to maintain the correctional facility videotape depicting the recreation yard entrance where he was frisked and the razor blade found in his pocket at 10:45 A.M. on February 10, 1999, and that the sanction for such conduct should be dismissal of the indictment. We disagree.

Defendant correctly concedes that it would be speculative to claim that the missing videotape would have been exculpatory and required to be disclosed under the doctrine of *Brady v Maryland* (373 US 83). Additionally, since there is no proof in this record that the videotape contained any recorded statements of defendant or any prosecution witness (*see*, CPL 240.45 [1] [a]), defendant may not claim that the videotape was material required to be disclosed under *People v Rosario* (9 NY2d 286). Rather, defendant, in conclusory fashion, claims that the results of the trial would have been different if the videotape had been preserved and produced by the People for defendant's use at trial (*see, e.g., People v Chin*, 67 NY2d 22, 33, citing *United States v Bagley*, 473 US 667, 676). Notwithstanding the lack of any factual basis for this argument, defendant incorrectly asserts that the correction officers at the facility were agents of the local prosecutor, to whom the failure to preserve and produce this videotape may be imputed.

The Department of Correctional Services, the governmental entity that maintained the surveillance camera and videotape at issue, has consistently been held to be, in most respects, an administrative rather than a law enforcement agency (*see, People v Kelly*, 88 NY2d 248, 252-253; *People v Howard*, 87 NY2d 940, 941) and materials in possession of such agencies have been determined not to be within the control of a local prosecutor (*see, People v Kelly, supra*, at 252; *People v Howard, supra*, at 941; *People v Livingston*, 262 AD2d 786, 790, *lv denied* 94 NY2d 881), who has no legal obligation to produce them. On this record, we find that the Department of Correctional Services acted as an administrative agency in this matter (*see, e.g.*, 7 NYCRR 251-3.1 [d] [1]; *People v Hart*, 244 AD2d 715, 716, *affd* 93 NY2d 825) and that its alleged failure to maintain the videotape may not be imputed to the People or form the basis of a sanctionable constitutional violation of defendant's rights.

Finally, we find no merit to defendant's claim that County

Court erred in excluding from evidence an affidavit from the confidential informant wherein the informant denies supplying Shaylor with incriminating information about defendant and the confidential audiotape that Shaylor made for the prison disciplinary hearing. While defendant's proffered evidence might have cast doubt on the testimony of the People's witnesses, we find that it was properly excluded as inadmissible hearsay. Defendant's claim that these materials fall within the coconspirators' exception to the hearsay rule must be rejected since the record is devoid of any prima facie proof of a conspiracy between the confidential informant and the correction officers (*see, People v Sanders*, 56 NY2d 51, 62; *People v Salko*, 47 NY2d 230, 237-238).

Mercure, J. P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.