# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

413

KA 08-00025

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

DAYSHAWN P. HANDY, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (ELIZABETH CLIFFORD OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered October 18, 2007. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of assault in the second degree (Penal Law § 120.05 [7]), defendant contends that County Court erred in denying his request for an adverse inference charge concerning the failure of the People to preserve an alleged videotape of the assault. Contrary to defendant's contention, an adverse inference charge was not warranted inasmuch as defendant failed to establish that the alleged videotape was discoverable evidence that the People were required to preserve (*see People v James*, 93 NY2d 620, 644; *People v Kelly*, 62 NY2d 516, 520). There is no support in the record for defendant's assertion that the alleged videotape was exculpatory and thus his contention that the alleged videotape was *Brady* material is merely speculative (*see People v Ross*, 282 AD2d 929, 931, *lv denied* 96 NY2d 907; *People v Scattareggia*, 152 AD2d 679, 679-680).

Contrary to defendant's further contention, the evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to establish that defendant intended to cause injury to another person (*see* Penal Law § 120.05 [7]; *People v Cooper*, 50 AD3d 1570, *lv denied* 10 NY3d 957; *People v Amin*, 294 AD2d 863, *lv denied* 98 NY2d 672, 674; *see generally People v Bleakley*, 69 NY2d 490, 495). Further, viewing the evidence in light of the elements of the crime of assault in the second degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence

(*see generally Bleakley*, 69 NY2d at 495).  Finally, the sentence is not unduly harsh or severe.

Entered:  April 1, 2011                           Patricia L. Morgan
                                                  Clerk of the Court