People v Roper (2024 NY Slip Op 04919)

People v Roper

2024 NY Slip Op 04919

Decided on October 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 08, 2024

Before: Webber, J.P., Moulton, Scarpulla, Rodriguez, Pitt-Burke, JJ. 

Docket No. 32282/11 Appeal No. 2737 Case No. 2018-464 

[*1]The People of the State of New York, Respondent,
v
Naim Roper, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Clara Hammond-Oakley of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Elliott R. Hamilton of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Ralph Fabrizio, J.), rendered July 25, 2012, convicting defendant, after a bench trial, of attempted assault in the third degree, menacing in the third degree, and harassment in the second degree, and sentencing him to an aggregate jail term of 90 days, unanimously affirmed.
The accusatory instrument was facially sufficient as to both the attempted third-degree assault and third-degree menacing charges, as it contained nonhearsay statements that "establish[ed], if true, every element of the offense charged and the defendant's commission thereof" (CPL 100.40[1][c]; see People v Casey, 95 NY2d 354, 362 [2000]). The information alleged that defendant, "using his knee, struck [complainant] about his groin area," and that "defendant's aforementioned conduct caused [complainant] . . . to experience substantial pain about his groin area" and "swelling about the same," and "to experience fear for his physical safety." Defendant's intent to cause physical injury could be inferred from the act itself (see People v Bracey, 41 NY2d 296, 301 [1977]), since a blow to that area of the body would be expected to cause substantial pain.
The verdict convicting defendant of the attempted assault and menacing charges was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the credibility determinations of the trier of fact. Based on defendant's act of kneeing complainant in the groin area, the trier of fact could reasonably infer that defendant intended to cause substantial pain (see Bracey, 41 NY2d at 301). The "threatening statements" that defendant made after the attack demonstrated defendant's intent to place complainant in fear of imminent physical injury.
The court did not abuse its discretion in denying defendant's request for an adverse inference charge regarding a surveillance video of the incident. A permissive adverse inference charge may be given "where a defendant, using reasonable diligence, has requested evidence reasonably likely to be material, and where that evidence has been destroyed by agents of the State" (People v Handy, 20 NY3d 663, 669 [2013]). Although the surveillance video was reasonably likely to be material to an issue at trial, defendant never requested pretrial discovery and never requested the surveillance video of the incident (see People v Durant, 26 NY3d 341, 347 [2015]; Handy, 20 NY3d at 669). Further, the surveillance video was destroyed in the course of routine procedure, and there is no allegation of prosecutorial impropriety in its destruction. Such "nonwillful, negligent loss or destruction" of evidence does not mandate a sanction unless the defendant establishes prejudice (see People v Martinez, 22 NY3d 551, 567 [2014]), which defendant has not shown here. Finally, the surveillance video was not in the People's custody and control when it was destroyed; it was in the custody and control of the Department of Correctional [*2]Services, which is not a law enforcement agency (see People v Howard, 87 NY2d 940, 941 [1996]).
The court properly denied defendant's CPL 30.30 motion, after the case was sent out for trial, as untimely and not made upon reasonable notice to the People (CPL 210.20[1][g], [2]; CPL 210.45[1]; see People v Lawrence, 64 NY2d 200, 203-204 [1984]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2024