People v Weiss (2025 NY Slip Op 25102)

[*1]

People v Weiss (Robert)

2025 NY Slip Op 25102

Decided on April 11, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on April 11, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MARINA CORA MUNDY, J.P., CHEREÉ A. BUGGS, LISA S. OTTLEY, JJ

2024-402 Q CR

The People of the State of New York, Respondent,
against
Robert Weiss, Appellant. 

Stoll, Glickman & Bellina, LLP. (Andrew B. Stoll of counsel), for appellant.
Queens County District Attorney (Johnnette Traill, Nancy Fitzpatrick Talcott and Tess Mariel O'Leary of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Wanda L. Licitra, J.), rendered January 9, 2024. The judgment, upon a jury verdict, convicted defendant of endangering the welfare of a child, and imposed sentence. The appeal from the judgment brings up for review an order of that court (79 Misc 3d 931 [May 9, 2023] Anthony M. Battisti, J.) which denied defendant's motion to vacate the People's certificate of compliance and statement of readiness, and to dismiss the accusatory instrument on statutory speedy trial grounds.

ORDERED that the judgment of conviction is reversed, on the law, the order denying defendant's motion to vacate the People's certificate of compliance and statement of readiness, and to dismiss the accusatory instrument on statutory speedy trial grounds is vacated, defendant's motion is granted, the accusatory instrument is dismissed, and any fines, if paid, are remitted.
On November 11, 2022, defendant was arraigned on a misdemeanor complaint with endangering the welfare of a child (Penal Law § 260.10 [1]), sexual abuse in the third degree (Penal Law § 130.55), and harassment in the second degree (Penal Law § 240.26 [1]). Thereafter, the People filed a superseding information with a supporting deposition by the complainant, who indicated that the facts stated in the complaint were based upon information furnished by her and were true upon her personal knowledge. On January 20, 2023, the People filed a certificate of compliance with discovery (COC) and statement of readiness (SOR) for trial, which included a certification pursuant to CPL 30.30 (5-a). 
On February 27, 2023, defendant moved to vacate the COC and SOR because outstanding discovery existed in that the People had failed to disclose records from the office of the Special Commissioner of Investigation for the New York City School District (SCI) (see CPL 245.20 [1] [e]), and to dismiss the accusatory instrument on the ground that he was denied his statutory right to a speedy trial. On March 7, 2023, the People delivered the SCI records to the defense and, on March 14, 2023, filed a supplemental COC. The Criminal Court denied defendant's motion, finding that, although the SCI was, "in some circumstances," a law enforcement agency, it was not acting in such a capacity in this matter and that the People had made a diligent good faith effort to provide all material called for under CPL 245.20 (People v Weiss, 79 Misc 3d 931, 934 [Crim Ct, Queens County 2023]). After a jury trial, defendant was convicted of endangering the welfare of a child, and sentence was imposed.
Pursuant to CPL 30.30 (1) (b), the People had 90 days in which to announce their readiness for trial. As of January 2020, absent an individualized finding of special circumstances, "[a]ny statement of trial readiness must be accompanied or preceded by a certification of good faith compliance with the disclosure requirements of section 245.20" (CPL 30.30 [5]; see CPL 245.20, 245.50 [3]; People v Bay, 41 NY3d 200 [2023]). CPL article 245 provides for "automatic" disclosure by the People to the defendant of "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control" (CPL 245.20 [1]). The statute provides a non-exhaustive list of categories of discoverable material, including (CPL 245.20 [1] [e]):
"All statements, written or recorded or summarized in any writing or recording, made by persons who have evidence or information relevant to any offense charged or to any potential defense thereto, including all police reports, notes of police and other investigators, and law enforcement agency reports. This provision also includes statements, written or recorded or summarized in any writing or recording, by persons to be called as witnesses at pre-trial hearings."
Pursuant to CPL 245.20 (2): "[A]ll items and information related to the prosecution of a charge in the possession of any New York state or local police or law enforcement agency shall be deemed to be in the possession of the prosecution." In light of the instruction to interpret CPL 245.20 (1) in favor of disclosure (see CPL 245.20 [7]), the SCI records were discoverable under CPL 245.20 (1) (e), because the SCI is a law enforcement agency (see CPL 245.20 [2]).
The office of the SCI was established in 1990 as an arm of the New York City Department of Investigation (DOI), itself "a law enforcement agency" (Stega v New York Downtown Hosp., 31 NY3d 661, 671 [2018]), and the DOI is tasked with appointing the Special Commissioner of Investigation, head of the SCI (see New York City Executive Order [Dinkins] No. 11 of 1990 § 1), who is required to have five years of law enforcement experience (see New York City Executive Order [de Blasio] No. 11 of 2018 § 2; cf. People v Nova, 206 AD2d 132 [1994]). The Appellate Division, First Department, has noted that, "[w]hile SCI is not a classic law enforcement agency, it was created for the express purpose of conducting a broad range of investigations" (Bd. of Educ. of City of NY v Hershkowitz, 308 AD2d 334, 338 [2003]; cf. People v Kelly, 88 NY2d 248, 252 [1996]; People v Howard, 87 NY2d 940 [1996]; Nova, 206 AD2d 132). The SCI, like the DOI, is "empowered to investigate criminal misconduct and report their [*2]findings to 'the appropriate prosecuting attorney' or board of ethics" (Bd. of Educ. of City of NY v Hershkowitz, 308 AD2d at 338, quoting NY City Charter § 803 [c]). The same powers as conferred upon the DOI have been conferred upon the SCI (see New York City Executive Order [Dinkins] No. 11 of 1990 § 3 [b]), including "full power to compel the attendance of witnesses, to administer oaths and to examine such persons as he may deem necessary" (NY City Charter § 805 [a]), and to "administer oaths or affirmations, examine witnesses in public or private hearing, receive evidence and preside at or conduct any such study or investigation" (NY City Charter § 805 [b]). Consequently, it was the People's obligation to provide the defense with copies of any existing records from the SCI.
The People were required to "make a diligent, good faith effort to ascertain the existence of [the SCI records] and to cause [the records] to be made available for discovery" even if the records were not in the People's "possession, custody, or control" (CPL 245.20 [2]). Such due diligence "must be conducted prior to filing a COC" (Bay, 41 NY3d at 212 [emphasis added]). The record is clear that, although initial discovery provided by the People included a New York City Police Department DD5 report that stated that the SCI had assigned an investigator to the matter, the People made no attempt to obtain any records from the SCI until March 3, 2023, 42 days after they had filed their January 20, 2023 COC. In these circumstances, we find that the People failed to "exercis[e] due diligence and mak[e] reasonable inquiries to ascertain the existence of" the SCI records (CPL 245.50 [1]) and, thus, their COC was not filed in good faith (see People v Wharton, 84 Misc 3d 804 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]).
Since the January 20, 2023 COC was invalid and there were no special circumstances presented, the SOR from the same date was also invalid (see CPL 30.30 [5]; 245.50 [3]). Consequently, the Criminal Court erred in denying defendant's motion to vacate the People's COC and SOR and to dismiss the accusatory instrument on statutory speedy trial grounds, as more than 90 days of delay were chargeable to the People.
We pass on no other issue.
Accordingly, the judgment of conviction is reversed, the order denying defendant's motion to vacate the People's certificate of compliance and statement of readiness, and to dismiss the accusatory instrument on statutory speedy trial grounds is vacated, defendant's motion is granted, and the accusatory instrument is dismissed.
BUGGS and OTTLEY, JJ., concur.
MUNDY, J.P., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 11, 2025