■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS MIKE, JR., Appellant. [622 NYS2d 392] —Judgment unanimously affirmed. Memorandum: County Court properly determined that the photographic identification of defendant by the undercover officer who purchased cocaine from him was confirmatory in nature (see, People v Wharton, 74 NY2d 921, 922-923; People v Freeman, 176 AD2d 1090; People v Kearn, 118 AD2d 871), and that an in-court identification of defendant had an independent basis (see, People v Perez, 139 AD2d 460, affd 74 NY2d 637).

There is no merit to the contention that the court should have dismissed the present indictment because the charges contained therein were satisfied by defendant's prior plea of guilty to an unrelated indictment. The prior plea agreement encompassed only uncharged crimes of which the District Attorney's office was aware on the date of the plea. The

criminal transaction at issue, however, occurred only four days before defendant's plea to the unrelated indictment and defendant has not shown that the District Attorney was aware of it. Moreover, the plea agreement was limited to uncharged class D and E felonies, whereas this indictment charged two class B felonies and a C felony.

The contention of defendant that preindictment delay of 10 months and two weeks deprived him of due process of law has not been preserved for review (see, CPL 470.05 [2]), and we decline to address it as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]).

Finally, the contention of defendant that he was deprived of effective assistance of counsel is without merit (see, People v Rivera, 71 NY2d 705, 708-709; People v Satterfield, 66 NY2d 796, 798-799; People v Baldi, 54 NY2d 137, 146-147). (Appeal from Judgment of Onondaga County Court, Burke, J.—Criminal Possession Controlled Substance, 5th Degree.) Present— Green, J. P., Pine, Wesley, Davis and Boehm, JJ.