■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC COLLIER, Appellant. [736 NYS2d 771] —Peters, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered February 26, 2001, convicting defendant upon his plea of guilty of the crime of promoting prison contraband in the first degree.

In April 2000, after defendant was transferred from Clinton Correctional Facility in Clinton County to Elmira Correctional Facility in Chemung County to await sentencing on an unrelated matter, he was found to be in possession of a plexiglass shank. Approximately 6½ months later, he was indicted on a charge of promoting prison contraband in the first degree. After his motion to dismiss the indictment based upon preindictment delay was denied, defendant entered a plea of guilty to the indictment and he was sentenced as a second felony offender to a prison term of 1½ to 3 years, to run consecutively to the prison term he was serving at the time of his transfer to the Elmira facility. On this appeal, defendant claims only that County Court erred in denying his motion to dismiss the indictment.

Based on an alleged deprivation of due process, defendant's claim survived his guilty plea (*see*, *People v Diaz*, 277 AD2d 723, *lv denied* 96 NY2d 758), but in light of the comparatively brief 6½-month delay between defendant's commission of the crime and his indictment, together with the fact that the delay was not the cause of his continued incarceration and the serious nature of the underlying charge which involved security and safety at the Elmira facility, defendant's ability to demonstrate that his defense was impaired by the delay was critical to his claim (*see*, *id.*). According to defendant, that impairment

occurred when a videotape of the facility's visiting room during a visit with his fiancée was lost prior to his indictment. Defendant's theory that the videotape was critical exculpatory evidence is based on the speculation that the tape would have shown conclusively that defendant's fiancée did not pass him the shank during a visit and that, therefore, correction officers must have planted the shank when they frisked him at the conclusion of the visit.* In the absence of any claim that defendant's fiancée was unable to testify that she did not pass the shank to defendant during the visit, there is no basis for defendant's claim that the loss of the videotape impaired his defense. In addition, because the videotape was not preserved as a result of the facility's policy of recycling tapes every 30 days unless the particular tape shows some disturbance or incident, the fact that the tape of the visit was not preserved may be as probative of defendant's defense as the tape itself would have been.

Defendant claims further prejudice on the theory that, if he had been charged immediately, he would have been eligible for a sentence that ran concurrently with the previously imposed sentence. Inasmuch as defendant was subject to an undischarged sentence of imprisonment when he committed the prison contraband crime, consecutive sentencing became mandatory when defendant was determined to be a second felony offender and sentenced pursuant to Penal Law § 70.06 (*see,* Penal Law § 70.25 [2-a]). Accordingly, the timing of the indictment played no role in the mandatory consecutive sentencing. Based upon all the relevant factors, County Court properly denied the motion (*compare, People v Cooper,* 258 AD2d 815, *lv denied* 93 NY2d 1016, *with People v Edwards,* 278 AD2d 659).

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.

---

* Defendant does not claim that the frisk occurred in an area encompassed by the videotape.