■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CROSBY, Appellant. [740 NYS2d 655] —Lahtinen, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered January 3, 2000, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

On this appeal from his conviction of attempted promoting

---

prison contraband in the first degree, defendant contends that the judgment should be reversed based on preindictment delay of six months and five days. Although defendant's due process claim survived his guilty plea (*see, People v Diaz*, 277 AD2d 723, *lv denied* 96 NY2d 758), defendant failed to preserve the claim by including it in his pretrial motion or postconviction motion (*see, People v Rodriguez*, 237 AD2d 634, *lv denied* 89 NY2d 1099; *People v Mike*, 212 AD2d 999, *lv denied* 86 NY2d 738). In any event, this Court recently considered a properly preserved claim of preindictment delay involving a prison contraband crime and explained that "in light of the comparatively brief 6½-month delay between defendant's commission of the crime and his indictment, together with the fact that the delay was not the cause of his continued incarceration and the serious nature of the underlying charge which involved security and safety at the * * * facility, defendant's ability to demonstrate that his defense was impaired by the delay was critical to his claim" (*People v Collier*, 290 AD2d 816, 817). In this case, defendant makes no claim that the delay impaired his defense in any way and, therefore, we reject his challenge based on preindictment delay.

With regard to defendant's remaining claim that he was denied effective assistance of counsel, we note that defendant failed to appeal from the denial of his postconviction motion in which he preserved the claim. Nevertheless, he received an advantageous plea bargain and nothing in the record casts doubt on the apparent effectiveness of his counsel (*see, People v Smith*, 263 AD2d 676, *lv denied* 93 NY2d 1027). The fact that counsel delayed in perfecting defendant's appeal did not prevent defendant from pursuing this appeal and he makes no claim that he was adversely affected in any way by the delay.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.