■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRIAN RICHARDSON, Appellant. [749 NYS2d 110] —Spain, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.) rendered December 18, 2000, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant, a prison inmate, was indicted on one charge of promoting prison contraband in the first degree. After moving unsuccessfully to dismiss the indictment on due process grounds, defendant pleaded guilty to attempted promoting prison contraband in the first degree for which he was sentenced, as agreed, to a prison term of 1½ to 3 years, to run consecutive to his current sentence. Defendant's sole contention on appeal is that County Court erred in denying his motion to dismiss on the ground that the preindictment delay violated his due process right to prompt prosecution. We disagree.

The charge stems from an incident on January 20, 2000 when defendant, then incarcerated at Southport Correctional Facility in Chemung County, set off a metal detector and was transported to a local hospital, where X rays revealed what appeared to be a razor blade in his anal cavity. Defendant was returned to the correctional facility, placed on a one-on-one contraband watch and was observed two days later removing from his rectum a plastic bag containing a razor blade, which was taken as evidence. The State Police received the incident report on February 22, 2000. A State Police investigator visited the correctional facility on July 7, 2000 to interview defendant, who refused to cooperate, and the same day turned the case over to the Chemung County District Attorney for grand jury review. Defendant was indicted on September 7, 2000.

Upon our review, we find that the relatively brief period of preindictment delay here—approximately 7½ months—did not constitute so unreasonable or unjustifiable a delay in prosecuting defendant as to compromise his due process rights (*see People v Chiovaro*, 279 AD2d 806, 806, *lv denied* 96 NY2d 827; *People v Diaz*, 277 AD2d 723, 724, *lv denied* 96 NY2d 758 [and cases cited therein]; *People v Allah*, 264 AD2d 902, 902-903; *People v Cooper*, 258 AD2d 815, 816, *lv denied* 93 NY2d 1016; *see also People v Lesiuk*, 81 NY2d 485, 490-491; *People v Singer*, 44 NY2d 241, 253-255). In addition, the seriousness of the underlying charge, which involved "the security of the detention facility and the safety of the correctional employees and the other inmates" (*People v Diaz, supra* at 724-725), as well as defendant's failure to demonstrate any prejudice attributable to the delay, "militat[e] against his due process claim" (*id.* at 724). Furthermore, as defendant was already incarcerated for another crime, the delay caused no further curtailment of his freedom (*see id.*, at 724; *People v Allah, supra* at 903; *People v Allende*, 206 AD2d 640, 642, *appeal dismissed* 84 NY2d 921). Under these circumstances, County Court properly denied defendant's motion to dismiss the indictment and the judgment of conviction is therefore affirmed.

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.