■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JABBER CAMPBELL, Appellant. [760 NYS2d 369] —Lahtinen, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered May 8, 2000, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

On September 5, 1998, while incarcerated in a state correctional facility, defendant was found to be in possession of a razor blade and a 7½-inch piece of sharpened brass with a melted plastic handle. Following an investigation by the State Police, defendant was charged on April 29, 1999 with two counts of promoting prison contraband in the first degree. Thereafter, defense counsel made an omnibus motion seeking, among other things, dismissal of the indictment on the ground that the delay between the alleged crimes and the indictment violated defendant's due process rights. County Court denied the motion. Defendant then pleaded guilty to attempted promoting prison contraband in the first degree in full satisfaction of the indictment. In accordance with the plea agreement, defendant was sentenced as a second felony offender to 1½ to 3 years in prison, to run consecutive to the sentence he was then serving.

On appeal, defendant contends that the preindictment delay of seven months and 24 days warrants dismissal of the indictment on due process grounds. While this claim survives defendant's guilty plea (*see People v Irvis*, 301 AD2d 782, 783 [2003], *lv denied* 99 NY2d 655 [2003]; *People v Diaz*, 277 AD2d 723, 724 [2000], *lv denied* 96 NY2d 758 [2001]), we find it to be

without merit. "[I]n evaluating whether a defendant's due process right to prompt prosecution has been violated, five factors must be considered, namely, 'the extent of the delay, the reason for the delay, the nature of the underlying charge, whether there has been an extended period of incarceration and whether there is any indication that the defense has been impaired by reason of the delay'" (*People v Staton*, 297 AD2d 876, 876 [2002], *lv denied* 99 NY2d 565 [2002], quoting *People v Allah*, 264 AD2d 902, 902 [1999]; *see People v Andrade*, 301 AD2d 797, 798 [2003]).

Here, considering that police were investigating the circumstances surrounding the incident during the time period in question in order to gather information needed for the grand jury presentation, the little less than eight-month delay was not unreasonable (*see People v Richardson*, 298 AD2d 711, 712 [2002]; *see also People v Diaz, supra* at 724). Moreover, the crime was serious in nature as it clearly compromised the safety and security of the correctional facility (*see People v Richardson, supra* at 712; *People v Staton, supra* at 877). Furthermore, because defendant was already incarcerated, his freedom was not curtailed by the delay (*see People v Richardson, supra* at 712; *People v Crosby*, 293 AD2d 915, 916 [2002], *lv denied* 98 NY2d 696 [2002]). Finally, defendant has failed to demonstrate that his defense was impaired due to the delay (*see People v Andrade, supra* at 798). In view of the foregoing, we conclude that defendant's due process rights were not violated.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.