■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY LAKE, Appellant. [767 NYS2d 693]—

Carpinello, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered July 23, 2001, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

On June 14, 2000, defendant, an inmate, was found in posses-

sion of a plexiglass shank. Following an investigation by the State Police and referral to the District Attorney, defendant was indicted by a grand jury on December 20, 2000 on one count of promoting prison contraband in the first degree. After unsuccessfully moving to dismiss the indictment on due process grounds, defendant entered a plea of guilty to the lesser charge of attempted promoting prison contraband in the first degree and was sentenced, as a second felony offender, to a prison term of 1½ to 3 years, to run consecutively with the sentence he was then serving.

Defendant now appeals, contending that his due process rights were violated as a result of County Court's failure to dismiss the indictment based on a six-month preindictment delay. We disagree. The Court of Appeals has firmly established that claims of preindictment prosecutorial delay are to be analyzed according to the factors advanced in *People v Taranovich* (37 NY2d 442, 445 [1975]). Applying these factors, we find no reason to conclude that defendant's due process rights were violated.

Although the People have not explained why the indictment was not sought sooner, we note that "similar delays have been found to be within constitutional parameters" (*People v Coggins*, 308 AD2d 635, 365 [2003] [9½-month delay]; *see e.g. People v Staton*, 297 AD2d 876 [2002], *lv denied* 99 NY2d 565 [2002] [six-month delay]; *People v Chiovaro*, 279 AD2d 806 [2001], *lv denied* 96 NY2d 827 [2001] [six-month delay]; *People v Allah*, 264 AD2d 902 [1999] [nine-month delay]). Considering the seriousness of the crime, involving the safety and security of a correctional facility, the fact that defendant was already incarcerated (*see People v Richardson*, 298 AD2d 711, 712 [2002]; *People v Diaz*, 277 AD2d 723, 724-725 [2000], *lv denied* 96 NY2d 758 [2001]), and that defendant has not shown any prejudice (*see People v Andrade*, 301 AD2d 797, 798 [2003]; *People v Allah, supra* at 903), we conclude that defendant's motion to dismiss the indictment was properly denied and the judgment of conviction is, therefore, affirmed.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.