■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH BOWERS, Appellant. [771 NYS2d 270]—

Rose, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered November 22, 2000, upon a verdict convicting defendant of the crime of assault in the second degree.

While incarcerated at Southport Correctional Facility in Chemung County, defendant was involved in an incident with two correction officers that resulted in an indictment charging him with two counts of assault in the second degree. At trial, officer Richard Augustine testified that during a routine check for weapons, defendant refused to comply with the wanding proce-

dure to detect metal objects and ignored a direct order. After Augustine and another officer, Charles Worle, returned defendant to the doorway of his cell and removed the waist chain securing his handcuffs, defendant struck Augustine's head with his handcuffed hands. Defendant then thrashed about violently as Augustine, Worle and other officers attempted to subdue him. During the struggle, Augustine's thumb was broken. The jury found defendant guilty of the count of assault in the second degree involving Augustine and acquitted him of the count involving Worle. County Court sentenced defendant as a persistent violent felony offender to a prison term of 12 years to life, to run consecutively with sentences previously imposed upon him. Defendant appeals.

Initially, we find no merit in defendant's argument that his statutory right to a speedy trial was violated. The criminal action was commenced on October 9, 1998 and the People declared their readiness for trial on December 17, 1998, within the six-month period permitted under CPL 30.30 (1) (a). Defendant argues that the filing of a second indictment on the following day, which was necessary because he had not been given an opportunity to appear before the grand jury, rendered the People's declaration of readiness ineffective. Inasmuch as the second indictment duplicated the charges of the first and related back to the commencement of the action for purposes of calculating readiness under CPL 30.30, we find that the People's announcement of readiness for trial with respect to the first indictment also satisfied their obligation with respect to the second indictment (*see People v Sinistaj*, 67 NY2d 236, 241 n 4 [1986]; *People v Brickley*, 306 AD2d 551, 553 [2003], *lv denied* 100 NY2d 641 [2003]).

We also reject defendant's related claim that preindictment delay deprived him of due process. As this Court has found a preindictment delay of six months and 21 days to be "relatively brief" (*People v Staton*, 297 AD2d 876, 876-877 [2002], *lv denied* 99 NY2d 565 [2002]), we do not view the delay of six months and 12 days here to be excessive (*see People v Campbell*, 306 AD2d 694, 695 [2003], *lv denied* 100 NY2d 593 [2003] [eight-month delay]; *People v Richardson*, 298 AD2d 711, 712 [2002] [7½-month delay]). In addition, the People had a reasonable explanation for the delay and defendant failed to demonstrate that the delay impaired his defense (*see People v Diaz*, 277 AD2d 723, 724-725 [2000], *lv denied* 96 NY2d 758 [2001]).

Also unavailing is defendant's argument that a *Brady* violation occurred when the People failed to disclose a videotape recording showing his appearance shortly after the incident. There

is no evidence to indicate that the videotape, which had been in the possession of the Department of Correctional Services until it was inadvertently erased and only came to the prosecution's attention shortly before trial, was ever in the possession or control of the People (*see People v Santorelli*, 95 NY2d 412, 421 [2000]; *People v Ross*, 282 AD2d 929, 930-931 [2001], *lv denied* 96 NY2d 907 [2001]). Moreover, since defendant did not attempt to introduce into evidence photographs of him taken after the incident, we are not persuaded that the results at trial would have been different if the videotape—which also recorded his appearance only after the incident—had been available to him to show his injuries. Thus, we find no error in County Court's exercise of its discretion in denying a mistrial on this ground.

Next, defendant claims that County Court erred in its charges to the jury regarding the scope of the lawful duty which the correction officers were performing at the time of the incident (*see* Penal Law § 120.05 [3]). This supplemental charge was needed to assist the jury in assessing whether the correction officers were performing a lawful duty or acting without justification, as defendant claimed (*see People v Greene*, 221 AD2d 559, 560 [1995]; *People v Smith*, 50 AD2d 670, 672 [1975]). Although the actual instruction to the jury was different than the wording discussed at the charge conference, the variation was so insignificant that defendant made no objection to it (*see People v Douglas*, 296 AD2d 656, 657 [2002], *lv denied* 99 NY2d 535 [2002]). Also, we find that County Court did not abuse its discretion by refusing to repeat the supplemental instruction when the jury asked to be instructed again as to the elements of the crime of assault in the second degree.

Nor can we agree that County Court erred in denying defendant's CPL 330.30 motion for a new trial based upon newly discovered evidence. In order to prevail upon such a motion, it must appear that the newly discovered evidence would not merely impeach or contradict the proof at trial (*see People v Salemi*, 309 NY 208, 215-216 [1955], *cert denied* 350 US 950 [1956]; *People v Mack*, 301 AD2d 863, 864-865 [2003], *lv denied* 100 NY2d 540 [2003]). Here, the new evidence was the often conflicting testimony of another prison inmate who alleged that Augustine had made statements indicating that the charges against defendant were fabricated. After a hearing, County Court found that this evidence, even if it were to be believed, would merely tend to impeach Augustine's testimony. On the record before us, we cannot say that County Court abused its discretion in denying defendant's motion (*see People v Wood*, 94 AD2d 849, 850 [1983]).

Further, we are not persuaded that the evidence was legally insufficient to support the verdict (*see People v Cabey*, 85 NY2d 417, 420 [1995]; *see also People v Pierce*, 266 AD2d 721, 721-722 [1999], *lv denied* 94 NY2d 951 [2000]) or the verdict is contrary to the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Also, defendant's challenge to the jury verdict as internally inconsistent is unpreserved for our review (*see People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v Scheckells*, 305 AD2d 723, 723 [2003], *lv denied* 100 NY2d 598 [2003]). In any event, were we to consider it, we would not agree because the jury could have reasonably found that Augustine sustained a physical injury while Worle did not. We similarly find no merit in defendant's remaining arguments that he was denied the effective assistance of counsel and improperly adjudicated a persistent violent felony offender.

Spain, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.