# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

481
KA 11-00934
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

CHRISTOPHER MOUSTAKOS, DEFENDANT-APPELLANT.

---

CHARLES A. MARANGOLA, MORAVIA, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered March 31, 2011. The judgment convicted defendant, upon his plea of guilty, of attempted promoting prison contraband in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted promoting prison contraband in the first degree (Penal Law §§ 110.00, 205.25 [2]), defendant contends that he was denied due process and his right to a speedy trial based on a delay of just over seven months between the date of the incident and the date the indictment was issued. Applying the factors set forth in *People v Taranovich* (37 NY2d 442, 445), we reject that contention (*see People v Vernace*, 96 NY2d 886, 887-888). "There is no specific temporal period by which a delay may be evaluated or considered 'presumptively prejudicial' " (*People v Romeo*, 12 NY3d 51, 56, *cert denied* ___ US ___, 130 S Ct 63, quoting *Doggett v United States*, 505 US 647, 652), but a delay of just over seven months alone is insufficient to require dismissal of the indictment (*see People v Doyle*, 50 AD3d 1546; *People v Walker*, 2 AD3d 1454, *lv denied* 2 NY3d 808; *People v Beyah*, 302 AD2d 981, *lv denied* 99 NY2d 626). The delay was caused in part by an investigative delay inherent in the process by which crimes that occur in prison are referred to the District Attorney's Office, and defendant does not contend that the delay was caused by bad faith (*see Romeo*, 12 NY3d at 56-57). "The charge against defendant was serious, 'involv[ing] the safety and security of a correctional facility' . . . Moreover, because defendant was already incarcerated on a prior felony conviction, 'the delay caused no further curtailment of his freedom' . . . Finally, we are unable to conclude on the record before us that the defense has been impaired by reason of the delay" (*People v Jenkins*, 2 AD3d 1390, 1391; *see People*

*v Coggins*, 308 AD2d 635, 636; *People v Richardson*, 298 AD2d 711, 712).

Entered: April 27, 2012                    Frances E. Cafarell
                                           Clerk of the Court