Lahtinen, J.P
Appeals from a judgment of the County Court *1145 of Franklin County (Main Jr., J.), rendered October 16, 2012, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree (seven counts), burglary in the third degree (three counts), criminal possession of marihuana in the second degree and criminal possession of a weapon in the third degree.
Defendant was implicated in a string of burglaries committed in December 2009, and quickly entered into a cooperation and plea agreement with the People wherein he admitted committing certain crimes and represented that he could secure his brother’s recorded admission to an unrelated murder. Assuming that defendant succeeded, the People agreed to do nothing beyond take his efforts into consideration and make “any [c]ourt . . . aware of his cooperation.” Defendant did not succeed and, in 2011, he was charged in two indictments with various offenses.
Despite a pending motion to determine, among other things, the scope and enforceability of the cooperation and plea agreement, defendant elected to waive his right to appeal and plead guilty to the indictments in their entirety. County Court, in return, agreed to impose an aggregate prison sentence of no more than eight years. Defendant subsequently filed a motion to withdraw his pleas, citing the People’s alleged failure to abide by the cooperation and plea agreement. County Court denied the motion and sentenced defendant, as a second felony offender, to an aggregate prison term of eight years, to be followed by postrelease supervision of five years. These appeals ensued.
We affirm. Defendant first contends that County Court abused its discretion in declining to grant his motion to withdraw his guilty pleas. “Whether a defendant should be permitted to withdraw his or her plea rests within the sound discretion of the trial court and, generally, such a motion should not be granted absent a showing of innocence, fraud or mistake in the inducement” (People v Galvan, 107 AD3d 1058, 1058-1059 [2013] [citations omitted], lv denied 21 NY3d 1042 [2013]; accord People v Barton, 113 AD3d 927, 928 [2014]). Defendant elected to plead guilty rather than pursue his claim that the People had made an oral sentencing promise as part of the cooperation and plea agreement and, indeed, he acknowledged during the plea colloquy that any previous sentencing promise had been withdrawn and was no longer valid. The record thus reflects that defendant’s guilty pleas were knowing and voluntary and, as such, County Court properly denied his motion to withdraw them.
Defendant’s remaining argument is that his constitutional *1146 right to a speedy trial was violated by the delay between his admission of criminal activity in December 2009 and the filing of the indictments in May 2011, approximately 15 months later. While this claim survives both his guilty pleas and waiver of the right to appeal (see People v Irvis, 90 AD3d 1302, 1303 [2011], lv denied 19 NY3d 962 [2012]), it is without merit. In reviewing a claim of a constitutional speedy trial violation, “[t]he five factors to be considered are: (1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charges; (4) any extended period of pretrial incarceration; and (5) any impairment of defendant’s defense” (People v Romeo, 12 NY3d 51, 55 [2009], cert denied 558 US 817 [2009]; see People v Anderson, 114 AD3d 1083, 1084 [2014], lv denied 22 NY3d 1196 [2014]). It is apparent that defendant was not immediately charged for the serious crimes at issue here because he agreed to participate in the criminal investigation of his brother. He was only arrested and indicted after he failed to obtain admissions related to that investigation and, indeed, was not jailed on the present charges until March 2011. There is also no indication that this delay impaired defendant’s ability to prepare a defense and, upon due consideration of the relevant factors, we find that his constitutional right to a speedy trial was not violated (see People v McCorkle, 67 AD3d 1249, 1251 [2009]; People v Arrington, 31 AD3d 801, 802 [2006], lv denied 7 NY3d 865 [2006]).
Stein, Garry and Rose, JJ., concur.
Ordered that the judgment is affirmed.