*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: January 29, 2015                    105963
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

JOSE LANFRANCO,
                    Appellant.
_____

Calendar Date:  November 14, 2014

Before:  Lahtinen, J.P., McCarthy, Egan Jr. and Devine, JJ.

_____

        David E. Woodin, Catskill, for appellant.

        Joseph Stanzione, District Attorney, Catskill (Danielle D. McIntosh of counsel), for respondent.

_____

Egan Jr., J.

        Appeal from a judgment of the County Court of Greene County (Pulver, J.), rendered April 2, 2013, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

        In February 2012, a grand jury returned a sealed indictment charging defendant with one count of promoting prison contraband in the first degree.  The charges stemmed from a May 2011 incident at Coxsackie Correctional Facility in Greene County (where defendant then was incarcerated), at which time a search of defendant uncovered a piece of glass wrapped in a cardboard and masking tape sheath inside of his underwear.  Defendant was arraigned on this charge in March 2012.  Various motions followed, including an omnibus motion seeking the production of

the underwear that defendant was wearing at the time of the incident, as well as defendant's pro se motion seeking, among other things, to dismiss the indictment upon statutory and constitutional speedy trial grounds. County Court denied both motions and, in February 2014, defendant entered an Alford plea to the reduced charge of attempted promoting prison contraband in the first degree and waived his right to appeal his conviction and sentence. Following an unsuccessful pro se motion to withdraw his plea, defendant was sentenced as a second felony offender to the agreed-upon prison term of 1½ to 3 years, said sentence to be served consecutively to the sentence he already was serving. This appeal ensued.

Defendant's primary argument upon appeal is that he was denied his constitutional right to a speedy trial by virtue of prearraignment delay.[1] Although defendant's speedy trial claim survives both his guilty plea and his waiver of the right to appeal (see People v Tuper, 118 AD3d 1144, 1146 [2014]), we find it to be lacking in merit. In reviewing an alleged constitutional speedy trial violation, we must consider five factors: "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charges; (4) any extended period of pretrial incarceration; and (5) any impairment of defendant's defense" (People v Romeo, 12 NY3d 51, 55 [2009], cert denied 558 US 817 [2009]; see People v Taranovich, 37 NY2d 442, 445 [1975]; People v Irvis, 90 AD3d 1302, 1303 [2011], lv denied 19 NY3d 962 [2012]).

Here, although the People indeed proffered no reason for the 10-month delay, delays of similar lengths have been found not to violate due process (see People v Weatherspoon, 86 AD3d 792, 792-793 [2011], lv denied 17 NY3d 905 [2011] [nine-month delay]; People v Striplin, 48 AD3d 878, 879 [2008], lv denied 10 NY3d 871 [2008] [9½-month delay]; People v Hernandez, 42 AD3d 657, 662 [2007] [14-month delay]; People v Irvis, 301 AD2d 782, 783-784

---

[1] The sealed indictment was filed in February 2012 (approximately 8½ months after the underlying incident) and defendant was arraigned approximately 45 days later, resulting in a prearraignment delay of roughly 10 months.

[2003], lv denied 99 NY2d 655 [2003] [10-month delay]), the charge at issue implicated "the safety and security of the detention facility and its employees" (People v Andrade, 301 AD2d 797, 798 [2003]) and, hence, was serious in nature (see People v Moustakos, 94 AD3d 1538, 1539 [2012], lv denied 19 NY3d 965 [2012]; People v Lake, 2 AD3d 892, 893 [2003]; People v Hernandez, 306 AD2d 751, 752 [2003]), defendant's freedom was not impaired because he already was incarcerated for another crime (see People v Weatherspoon, 86 AD3d at 793; People v Perez, 85 AD3d 1538, 1539 [2011]; People v Hernandez, 42 AD3d at 662; People v Coggins, 308 AD2d 635, 636 [2003]) and defendant failed to demonstrate any impairment of his defense (see People v King, 62 AD3d 1162, 1163 [2009]; People v Hernandez, 306 AD2d at 752). Accordingly, we discern no violation of defendant's constitutional right to a speedy trial.

As for the claimed Brady violation, assuming — without deciding — that the underwear in question would constitute exculpatory evidence, the record makes clear that the People were never in possession of this item of clothing; rather, the item was in the possession of the Department of Corrections and Community Supervision — "an administrative agency that was not performing law enforcement functions" here (People v Smith, 89 AD3d 1148, 1150 [2011], lv denied 19 NY3d 968 [2012]; cf. People v Kelly, 88 NY2d 248, 253 [1996]; see People v Bowers, 4 AD3d 558, 559-560 [2004], lv denied 2 NY3d 796 [2004]; People v Ross, 282 AD2d 929, 931 [2001], lv denied 96 NY2d 907 [2001]). Inasmuch as the agency's asserted failure to secure and preserve the underwear that defendant was wearing at the time of the incident cannot be imputed to the People (cf. People v Kelly, 88 NY2d at 253; see People v Figueroa, 53 AD3d 779, 781 [2008], lv denied 11 NY3d 832 [2008]; People v Ross, 282 AD2d at 931), no Brady violation occurred. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Lahtinen, J.P., McCarthy and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court