People v Cancer (2020 NY Slip Op 04343)





People v Cancer


2020 NY Slip Op 04343


Decided on July 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 30, 2020

110078

[*1]The People of the State of New York, Respondent,
v
Elijahjuan Cancer, Appellant.

Calendar Date: June 26, 2020

Before: Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ.


Adam G. Parisi, Schenectady, for appellant.
Letitia James, Attorney General, New York City (Hannah Stith Long of counsel), for respondent.



Appeal from a judgment of the County Court of Schenectady County (Sira, J.), rendered December 18, 2017, convicting defendant upon his plea of guilty of the crimes of conspiracy in the second degree, attempted criminal possession of a controlled substance in the third degree and attempted criminal possession of a controlled substance in the fourth degree.
Defendant pleaded guilty to conspiracy in the second degree, attempted criminal possession of a controlled substance in the third degree and attempted criminal possession of a controlled substance in the fourth degree. County Court sentenced defendant, as a second felony offender, to prison terms of 4½ to 9 years on the conspiracy conviction, three years, followed by three years of postrelease supervision, on the third degree attempted criminal possession of a controlled substance conviction and three years, followed by two years of postrelease supervision, on the fourth degree attempted criminal possession of a controlled substance conviction, with the sentences to be run concurrently. Defendant appeals.
We affirm. Defendant's sole contention on appeal is that his sentence is harsh and excessive. "A sentence that falls within the permissible statutory range will not be disturbed unless it can be shown that the sentencing court abused its discretion or extraordinary circumstances exist warranting a modification" (People v Stone, 164 AD3d 1577, 1578 [2018] [internal quotation marks and citation omitted]; see People v Sindoni, 175 AD3d 750, 750-751 [2019]). Given defendant's criminal history and the fact that he consented to the sentence as part of his plea bargain, we find no extraordinary circumstances or abuse of discretion warranting a modification of the sentence in the interest of justice (see People v Latifi, 171 AD3d 1351, 1351 [2019]; People v Meddaugh, 150 AD3d 1545, 1548 [2017]).
Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.