People v Avera (2021 NY Slip Op 01804)





People v Avera


2021 NY Slip Op 01804


Decided on March 25, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

109263

[*1]The People of the State of New York, Respondent,
v
Robert Avera, Appellant.

Calendar Date: February 5, 2021

Before: Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Aaron A. Louridas, Delmar, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered December 15, 2016, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
As a result of his participation in two drug sales in Schenectady County, defendant was charged in a six-count indictment. After County Court denied his motion to dismiss the indictment based on an alleged violation of his speedy trial rights, defendant pleaded guilty to a reduced count of criminal sale of a controlled substance in the third degree in satisfaction of the indictment. The plea bargain included a negotiated sentence and restitution and required defendant to waive his right to appeal. County Court imposed the agreed-upon prison sentence of six years, to be followed by three years of postrelease supervision. Defendant appeals.
Initially, defendant's appeal waiver is invalid, as the written waiver is overbroad and inaccurate, and County Court's oral colloquy did not ensure that defendant knowingly, intelligently and voluntarily waived this important right (see People v Bisono, 36 NY3d 1013, 1017-1018 [2020]; People v Thomas, 34 NY3d 545, 566 [2019]; People v Anderson, 184 AD3d 1020, 1020-1021 [2020], lvs denied 35 NY3d 1064, 1068 [2020]; People v Barrales, 179 AD3d 1313, 1314-1315 [2020]). Nevertheless, due to defendant's failure to file an appropriate postallocution motion, his challenges to the voluntariness of his plea, the factual sufficiency of the plea allocution and his claim of ineffective assistance of counsel — to the extent that it impacts the voluntariness of his plea — are unpreserved for appellate review, and the narrow exception to the preservation rule was not triggered here (see People v Anderson, 184 AD3d at 1021; People v Sabin, 179 AD3d 1401, 1402-1403 [2020], lv denied 35 NY3d 995 [2020]; People v Taft, 169 AD3d 1266, 1267 [2019], lv denied 33 NY3d 1074 [2019]; People v Burks, 163 AD3d 1286, 1287 [2018], lv denied 32 NY3d 1063 [2018]).
By pleading guilty, defendant forfeited his CPL 30.30 statutory speedy trial argument (see People v Duggins, 192 AD3d 191, 195 [2021]; People v Fay, 154 AD3d 1178, 1180 [2017], lv denied 30 NY3d 1115 [2018]; People v Irvis, 90 AD3d 1302, 1303 [2011], lv denied 19 NY3d 962 [2012]). A review of whether defendant's constitutional right to a speedy trial has been violated by prearraignment delay includes factors such as the extent of the delay, the reason for the delay, the nature of the underlying charges, any extended period of pretrial incarceration and any impairment of defendant's defense due to the delay (see People v Lanfranco, 124 AD3d 1144, 1145 [2015], lv denied 25 NY3d 1203 [2015]; People v Irvis, 90 AD3d at 1303). Defendant did not address any of these factors in his motion; though he cited his constitutional speedy trial right, he focused on his statutory rights. Although the record contains no reason for the delay, a delay of approximately [*2]seven months is not particularly lengthy, and longer delays have been found not to violate a defendant's right to due process (see People v Acevedo, 179 AD3d 1397, 1400 [2020]; People v Lanfranco, 124 AD3d at 1145). The charges of multiple sales of large quantities of drugs are relatively serious. Defendant was released on bail and has not demonstrated impairment to any defense based on the delay. "Accordingly, we discern no violation of defendant's constitutional right to a speedy trial" (People v Lanfranco, 124 AD3d at 1145).
Finally, we do not deem the agreed-upon sentence to be harsh or excessive. The sentence was within the statutory range for defendant, a second felony drug offender. The record reveals that County Court considered defendant's circumstances before imposing sentence, and we find no extraordinary circumstances or abuse of discretion (see People v Cancer, 185 AD3d 1353, 1354 [2020]; People v Meddaugh, 150 AD3d 1545, 1548 [2017]).
Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.