People v McCollough (2021 NY Slip Op 05367)





People v McCollough


2021 NY Slip Op 05367


Decided on October 7, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 7, 2021

111513
[*1]The People of the State of New York, Respondent,
v
Maurice McCollough, Appellant.

Calendar Date:September 15, 2021

Before:Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ.

Stephen J. Carney, Schenectady, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered March 1, 2019, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
On July 29, 2017, while he was serving a lengthy term of imprisonment on an attempted murder conviction, defendant was found to be in possession of a shank. As a result, on August 9, 2018, he was charged in an indictment with promoting prison contraband in the first degree. In December 2018, defense counsel filed an omnibus motion seeking, among other things, dismissal of the indictment due to preindictment delay. County Court denied the motion, and defendant thereafter pleaded guilty to the reduced charge of attempted promoting prison contraband in the first degree in satisfaction of the indictment. In accord with the terms of the plea agreement, he was sentenced as a second felony offender to 1½ to 3 years in prison, to run consecutively to the sentence that he was then serving. Defendant appeals.
Initially, defendant contends that, given the more than one-year delay between the date the contraband was seized and the date the indictment was filed, County Court improperly denied his motion to dismiss the indictment based upon preindictment delay without a hearing. We disagree. In determining if the preindictment delay violated defendant's due process rights, we must balance the following factors: "'(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay'" (People v Hernandez, 306 AD2d 751, 752 [2003], quoting People v Taranovich, 37 NY2d 442, 445 [1975]; see People v Lake, 2 AD3d 892, 893 [2003]; People v Campbell, 306 AD2d 694, 695 [2003], lv denied 100 NY2d 593 [2003]). Although the delay was not insubstantial, we note that lengthier delays have been found not to violate due process (see People v Ruise, 86 AD3d 722, 723 [2011], lv denied 17 NY3d 861 [2011]; People v Mangan, 258 AD2d 819, 819-820 [1999], lv denied 93 NY2d 927 [1999]; People v Torres, 257 AD2d 772, 773 [1999], lv denied 93 NY2d 903 [1999]). Moreover, the delay was occasioned by investigative efforts undertaken first by correctional officials and later by the District Attorney's office (see People v McCormick, 17 AD3d 785, 786 [2005]), and did not further impede defendant's freedom as he was already incarcerated due to his felony conviction (see People v Coggins, 308 AD2d 635, 636 [2003]; People v Hernandez, 306 AD2d at 752). Furthermore, the seriousness of the crime is apparent as defendant's actions compromised the safety and security of the correctional facility, and there is nothing in the record to indicate that he was prejudiced by the delay (see People v Lake, 2 AD3d at 893; People v Campbell, 306 AD2d at 695). In [*2]view of the foregoing, we find no error in County Court's denial of defendant's motion without a hearing.
Defendant also challenges the severity of the sentence. However, he received the minimum sentence as a second felony offender convicted of a class E felony (see Penal Law § 70.06 [3] [e]; [4] [b]) and the sentence had to be imposed consecutively to his undischarged term of imprisonment (see Penal Law § 70.25 [2-a]). Therefore, we find defendant's challenge to be unavailing.
Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.