People v Cuppuccino (2021 NY Slip Op 06112)





People v Cuppuccino


2021 NY Slip Op 06112


Decided on November 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 10, 2021

110336B
[*1]The People of the State of New York, Respondent,
v
Salvatore Cuppuccino, Appellant.

Calendar Date:October 19, 2021

Before:Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and Colangelo, JJ.

John B. Casey, Cohoes, for appellant, and appellantpro se.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered March 9, 2018, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
On August 31, 2017, defendant, an incarcerated individual, was charged by indictment with promoting prison contraband in the first degree. The charge stemmed from an incident on December 2, 2016 when defendant set off a metal detector and was found to be in possession of a razor blade-type weapon. Defendant pleaded guilty to a reduced charge of attempted promoting prison contraband in the first degree and was sentenced, as a second felony offender, to a prison term of 1½ to 3 years to run consecutively to the term he was already serving. Defendant appeals.[FN1]
Defendant's contention that his constitutional right to a speedy trial was denied by the nine-month delay between the charged crime and the indictment is unpreserved for review as he failed to raise it before County Court prior to his plea (see People v Grays, 179 AD3d 1149, 1150 [2020]; People v Shufelt, 161 AD3d 1451, 1451-1452 [2018], lv denied 32 NY3d 1008 [2018]; People v Evans, 156 AD3d 1246, 1247 [2017]; People v Gerald, 153 AD3d 1029, 1030 [2017]). We address this issue, however, in the context of defendant's related claim that counsel's failure to move to dismiss the indictment due to preindictment delay amounted to ineffective assistance of counsel.
"In assessing whether a defendant's constitutional right to a speedy trial has been violated by alleged preindictment delay, courts must consider the extent of the delay, the reason for the delay, the nature of the charges against the defendant, whether there has been an extended period of pretrial incarceration and whether the defense has been impaired by reason of the delay" (People v Acevedo, 179 AD3d 1397, 1399-1400 [2020] [internal quotation marks and citations omitted]; see People v Taranovich, 37 NY2d 442, 445 [1975]; People v Heimroth, 181 AD3d 967, 969-970 [2020], lv denied 35 NY3d 1027 [2020]). Although the People have not provided justification for the nine-month delay, delays of similar length have been found not to violate a defendant's right to due process (see People v McCollough, ___ AD3d ___, ___, 152 NYS3d 643, 644 [2021] [one-year delay]; People v Morris, 176 AD3d 1502, 1503 [2019], lvs denied 34 NY3d 1131, 1132 [2020] [11-month delay]; People v Williams, 163 AD3d 1283, 1285 [2018], lv denied 32 NY3d 1069 [2018] [nine-month delay]; People v Lanfranco, 124 AD3d 1144, 1145 [2015], lv denied 25 NY3d 1203 [2015] [10-month delay]). Further, defendant's liberty interest was not impacted, inasmuch as he was already incarcerated for another crime (see People v Young, 190 AD3d 1087, 1094 [2021], lvs denied 36 NY3d 1100, 1102 [2021]; People v Lanfranco, 124 AD3d at 1145; People v Hernandez, 42 AD3d 657, 662 [2007]). Finally, contrary to defendant's contention in his pro se supplemental brief, he [*2]has not demonstrated that his defense was impaired by the delay (see People Young, 190 AD3d at 1094; People v Acevedo, 179 AD3d at 1401). As ineffective assistance does not result from counsel failing to make a motion "that has little or no chance of success" (People v Caban, 5 NY3d 143, 152 [2005] [internal quotation marks and citation omitted]; see People v Young, 190 AD3d at 1094), defendant's claim is without merit.
Defendant also contends that County Court erred in denying his request to issue pretrial subpoenas for the disciplinary records of the two correction officers who were listed as trial witnesses by the People. Civil Rights Law § 50-a, in effect at the time of the 2018 subpoena request, authorized the disclosure of such personnel records upon "a clear showing of facts sufficient to warrant the judge to request records for review."[FN2] The party making the request had to demonstrate "some good faith, factual predicate" for disclosure (People v Thomas, 155 AD3d 1120, 1122 [2017], lv denied 31 NY3d 1018 [2018]; see People v Darrell, 145 AD3d 1316, 1319 [2016], lv denied 29 NY3d 1125 [2017]). We agree with County Court that defendant's general claim that he had information that the two correction officers had disciplinary actions regarding the treatment of incarcerated individuals brought against them in the past failed to establish a good faith, factual basis in support of his request for the subpoenas and, therefore, we find no abuse of discretion in denying the request (see People v Darrell, 145 AD3d at 1319; People v Harris, 121 AD2d 788, 789 [1986], lv denied 68 NY2d 770 [1986]). Defendant's remaining claims have been considered and found to be without merit.
Garry, P.J., Lynch, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: When this matter was previously before us, we rejected counsel's Anders brief, withheld decision and assigned new counsel to represent defendant on the appeal (182 AD3d 805 [2020]).

Footnote 2: Civil Rights Law § 50-a has since been repealed, effective June 12, 2020 (see L 2020, ch 96, § 1).