People v Palmer (2022 NY Slip Op 04325)

People v Palmer

2022 NY Slip Op 04325

Decided on July 7, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 7, 2022

110931
[*1]The People of the State of New York, Respondent,
v
Thomas Palmer, Appellant.

Calendar Date:May 23, 2022

Before:Egan Jr., J.P., Lynch, Pritzker, Ceresia and Fisher, JJ.

Craig Meyerson, Peru, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Egan Jr., J.P.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered April 13, 2018, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.
Defendant was charged in two indictments, handed up in April 2017 and June 2017, with offenses relating to his sexual contact with the underage victim in 2016. The People declared readiness for trial when defendant was arraigned on each indictment, after which the People successfully moved to consolidate the indictments for trial.
As the trial was set to begin on January 2, 2018, the People reported that they had received a December 26, 2017 forensic report indicating that semen had been found on the victim's bedsheet. They therefore sought and obtained, over defendant's objection, an adjournment to await the results of DNA testing. At an appearance on January 26, 2018, the People advised County Court that the test results matched defendant's DNA to the genetic material on the bedsheet. Defendant thereafter moved to dismiss the indictment on constitutional and statutory speedy trial grounds. After that motion was denied, defendant pleaded guilty to sexual abuse in the first degree in satisfaction of the pending charges and purportedly waived his right to appeal in return for a recommended sentence of five years in prison and between 5 and 15 years of postrelease supervision. County Court proceeded to sentence defendant, as a second violent felony offender, to the agreed-upon prison term of five years and 15 years of postrelease supervision. Defendant appeals, and we affirm.
Initially, we agree with defendant that his waiver of the right to appeal is invalid. The written appeal waiver is overbroad in that it erroneously claims to be a complete bar to a direct appeal as well as collateral proceedings, and County Court did not overcome that defect "by ensuring that defendant understood that some appellate and collateral relief survives an appeal waiver" (People v Lunan, 196 AD3d 969, 970 [2021]; accord People v Williams, 203 AD3d 1398, 1398-1399 [2022], lv denied 38 NY3d 1036 [2022]; see People v Blair, 205 AD3d 1227, 1228 [2022]).
Although the appeal waiver does not bar defendant's remaining contentions as a result, two of those contentions are nevertheless forfeited by his guilty plea. In particular, by pleading guilty, defendant forfeited his contention that County Court abused its discretion in granting the People's request for an adjournment to obtain what he views as untimely DNA testing of the material recovered from the victim's bedsheet (see People v Hansen, 95 NY2d 227, 230-233 [2000]; People v Miller, 162 AD3d 1231, 1234 [2018], lv denied 32 NY3d 939 [2018]; People v Crisler, 81 AD3d 1308, 1309 [2011], lv denied 17 NY3d 793 [2011]). Further, as defendant was sentenced prior to the January 1, 2020 effective date of CPL 30.30 (6), his guilty plea also resulted in the forfeiture of his statutory speedy trial argument (see People [*2]v Avera, 192 AD3d 1382, 1383 [2021], lv denied 37 NY3d 953 [2021]; People v Duggins, 192 AD3d 191, 195 [2021], lv denied 36 NY3d 1096 [2021]).
Defendant's remaining argument, that he was denied his constitutional right to a speedy trial, survives his guilty plea and was preserved by his motion to dismiss (see People v Cheney, 197 AD3d 1359, 1360 [2021], lvs denied 37 NY3d 1059, 1060 [2021]). After applying and balancing the factors set forth in People v Taranovich (37 NY2d 442, 445 [1975]), however, we are satisfied that the argument lacks merit. Those factors "are: (1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charges; (4) any extended period of pretrial incarceration; and (5) any impairment of defendant's defense" (People v Romeo, 12 NY3d 51, 55 [2009], cert denied 558 US 817 [2009]; see People v Taranovich, 37 NY2d at 445). With regard to the first and second factors, approximately nine months elapsed between the April 2017 indictment against defendant and his January 2018 motion to dismiss the indictment on speedy trial grounds. The delay was largely attributable to regular pretrial proceedings and scheduling issues rather than any inaction by the People, however, and delays of similar length have not been found to violate a defendant's right to due process (see People v Cuppuccino, 199 AD3d 1121, 1122 [2021], lv denied 37 NY3d 1160 [2022]; People v Avera, 192 AD3d at 1383; People v Lanfranco, 124 AD3d 1144, 1145 [2015], lv denied 25 NY3d 1203 [2015]). As for the third and fourth factors, defendant was incarcerated throughout that period, but the charges against him were extremely serious and included allegations that he had forcibly raped the victim on multiple occasions. Finally, defendant offered no specifics to support his suggestion that his defense "may" have been prejudiced by the delay. Thus, a balancing of those factors leads to the conclusion that defendant's constitutional right to a speedy trial was not violated (see People v Avera, 192 AD3d at 1383; People v Lanfranco, 124 AD3d at 1145).
Lynch, Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.