People v Griner (2022 NY Slip Op 04589)

People v Griner

2022 NY Slip Op 04589

Decided on July 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 14, 2022

112204
[*1]The People of the State of New York, Respondent,
v
Sammie Griner, Appellant.

Calendar Date:May 25, 2022

Before:Egan Jr., J.P., Clark, Aarons, Fisher and McShan, JJ.

Veronica Reed, Schenectady, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.

Egan Jr., J.P.
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered October 25, 2019, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
On April 27, 2018, a fight in the yard at the Great Meadow Correctional Facility escalated into a melee involving approximately 21 incarcerated individuals. After the brawl was broken up, defendant admitted to correction officers that he was one of the combatants and had been armed, and the ensuing strip frisk recovered a makeshift weapon hidden in his thermal underwear. An indictment was then handed up on May 2, 2019 charging defendant with promoting prison contraband in the first degree. There is no dispute that the People declared that they were ready for trial on May 23, 2019, the day of defendant's arraignment. Following pretrial motion practice, including defendant's pro se motion to dismiss the indictment on statutory speedy trial grounds, defendant pleaded guilty to the reduced charge of attempted promoting prison contraband in the first degree in satisfaction of the indictment. County Court sentenced defendant, as a second felony offender, to the agreed-upon prison term of 1½ to 3 years, that sentence to run consecutively to the prison term he was already serving. Defendant appeals, and we affirm.
Defendant's argument that his constitutional speedy trial rights were violated survives his guilty plea, but is unpreserved for our review given his failure to raise it before County Court (see People v Rivera, 201 AD3d 1132, 1134 [2022]; People v Fay, 154 AD3d 1178, 1180 [2017], lv denied 30 NY3d 1115 [2018]). In any event, the preindictment delay of approximately one year is not unreasonable and, although no explanation for that delay is apparent from the record, it did not pose any impairment to the already incarcerated defendant's freedom (see People v Lanfranco, 124 AD3d 1144, 1145 [2015], lv denied 25 NY3d 1203 [2015]; People v Coggins, 308 AD2d 635, 635-636 [2003]). After considering those factors, the serious nature of the crime and the absence of anything beyond speculation to suggest that the defense was impacted by the delay, we are satisfied that defendant was not denied his constitutional right to a speedy trial (see People v McCollough, 198 AD3d 1023, 1024 [2021]; People v Lanfranco, 124 AD3d at 1145; People v Hernandez, 42 AD3d 657, 662 [2007]).
Defendant's further challenge to the severity of the agreed-upon sentence is unavailing, as "he received the minimum sentence as a second felony offender convicted of a class E felony and the sentence had to be imposed consecutively to his undischarged term of imprisonment" (People v McCollough, 198 AD3d at 1024; see Penal Law §§ 70.06 [3] [e]; [4] [b]; 70.25 [2-a]).
Clark, Aarons, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.