People v Barrett (2023 NY Slip Op 06282)

People v Barrett

2023 NY Slip Op 06282

Decided on December 7, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 7, 2023

112681
[*1]The People of the State of New York, Respondent,
v
Andrew Barrett, Appellant.

Calendar Date:November 14, 2023

Before:Egan Jr., J.P., Fisher, McShan and Powers, JJ.

Dennis J. Lamb, Troy, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor R. Fitzsimmons of counsel), for respondent.

Egan Jr., J.P.
Appeal from a judgment of the County Court of Washington County (Kelly S. McKeighan, J.), rendered September 11, 2020, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
While incarcerated in a state correctional facility, defendant was indicted and charged with one count of promoting prison contraband in the first degree. Defendant thereafter pleaded guilty to attempted promoting prison contraband in the first degree with the understanding that he would be sentenced, as a second felony offender, to a prison term of 1½ to 3 years. County Court imposed the agreed-upon term of imprisonment, which ran consecutively to the prison term defendant then was serving, and this appeal ensued.
The sole argument raised by defendant upon appeal, that the agreed-upon term of imprisonment is unduly harsh or severe (see CPL 470.15 [6] [b]), lacks merit. As defendant acknowledges, County Court sentenced defendant to the minimum permissible term of imprisonment that may be imposed for a second felony offender convicted of a class E felony (see Penal Law §§ 70.06 [3] [e]; [4] [b]; 110.00; 205.25 [2]), and "[t]his [C]ourt's statutory discretion to modify sentences does not permit the reduction of a sentence below the minimum required by law" (People v Hooks, 96 AD2d 1001, 1003 [3d Dept 1983] [internal citation omitted]; see People v Clark, 176 AD2d 1206, 1206-1207 [4th Dept 1991], lv denied 79 NY2d 854 [1992]). Contrary to defendant's contention, and as a review of Penal Law § 70.25 (2-a) makes clear, County Court was required to run the sentence imposed here "consecutively to [defendant's] undischarged term of imprisonment" (People v Griner, 207 AD3d 892, 893 [3d Dept 2022] [internal quotation marks and citation omitted]). In short, as there is no "legally authorized lesser sentence" that may be imposed (CPL 470.20 [6]), the judgment of conviction is affirmed.
Fisher, McShan and Powers, JJ., concur.
ORDERED that the judgment is affirmed.